AMARILLIS D. PETTIT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23314. Promulgated January 14, 1929.

*T. J. Leahy, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

STERNHAGEN: This proceeding was submitted with that of *Mary Blackbird*, Docket No. 23272, 14 B. T. A. 1247. The Commissioner determined an overassessment of individual income tax of $49.36 for 1919 and deficiencies of $143.98 for 1920, $26.82 for 1921, and $38.71 for 1922. Petitioner seeks to set aside these deficiencies and also claims overpayment of amounts already paid for the years in question.

The case is submitted on a stipulation of facts which is as follows:

It is hereby stipulated and agreed between the above named petitioner and the above named respondent that the following is a true and correct statement of the facts involved in this controversy, and that the Board of Tax Appeals may accept the same as a true, correct, and complete statement of the facts involved, in conjunction with the petition and answer filed in this case, and render judgment thereon.

(1) The petitioner, Amarillis D. Pettit, is not a member of the Osage Tribe of Indians.

(2) During the years 1919, 1920, 1921 and 1922 the petitioner was the owner and in possession of one share or allotment which she had received by way of inheritance from her children who were members of the Osage Tribe of Indians duly enrolled and allotted as such under the Act of Congress of June 28, 1906.

(3) The children of the petitioner, members of the Osage Tribe of Indians, from whom petitioner inherited the said share or allotment did not have certificates of competency as provided for in the Act of Congress of June 28, 1906.

(4) During the year 1919 petitioner received as income from the said inherited share or allotment the sum of $4,960.00. Upon the income so received petitioner paid, as income tax, the sum of $159.20.

(5). During the year 1920 petitioner received as income from the said inherited share or allotment the sum of $9,900.00. Upon the income so received petitioner paid, as income tax, the sum of $375.00.

1254

(6) During the year 1921 petitioner received as income from the said inherited share or allotment the sum of $6,100.00. Upon the income so received petitioner paid, as income tax, the sum of $17.64.

(7) During the year 1922 petitioner received as income from the said inherited share or allotment the sum of $11,700.00. Upon the income so received petitioner paid, as income tax, the sum of $221.63.

(8) All of the said income received by the petitioner during the years 1919, 1920, 1921 and 1922 was her pro rata part of the income of the Osage Tribe of Indians received from oil and gas mineral leases made by said tribe with the approval of the Secretary of the Interior under said Act of Congress of June 28, 1906, upon part of the lands originally bought for the Osage Tribe of Indians by the United States with money belonging to said tribe, and held in trust for said tribe by the United States, said lands having been purchased from the Cherokee Tribe of Indians and deeded to the United States by it for said Osage Tribe of Indians. A true copy of the afore-mentioned deed, marked Exhibit "A", is attached hereto and made a part hereof.

. (9) The lands aforesaid were purchased from the Cherokee Tribe of Indians with funds theretofore realized from the sale of lands of the Osage Indians located in the State of Kansas.

(10) The parties agree that the Board may take judicial notice of all pertinent statutes and treaties.

(11) The computations as to amounts, and the depletion allowed as shown by the deficiency letter are correct.

Following *Mary Blackbird*, 14 B. T. A. 1247, and *Leah Brunt, etc.*, 5 B. T. A. 134,

*Judgment will be entered for the respondent.*